# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Ronnie Lee Howard

November 21, 1996

Case No. CR96-1224

BY JUDGE ROBERT P. DOHERTY, JR.

I have again gone over the memoranda presented and again reviewed the facts. The general rule is that evidence of other crimes is not admissible to prove that the accused committed the particular crime charged. An exception to this is that evidence of other crimes can be admitted to prove an element of the offense charged or to prove motive, intent, agency, or knowledge, or to show a common scheme or plan, where such is an element of the offense. However, the probative value of the evidence of another crime clearly must outweigh its prejudicial effect.

In the case at hand, the Commonwealth's evidence is that a woman was grabbed by surprise outside of her home, a knife was held to her throat, and the assailant demanded entry into her home. The woman fought off the assailant who fled. Approximately five hours later, in the same neighborhood, on the same street, two or three doors down, a woman went into her apartment building and passed a man sitting on the stairs leading to her apartment. When she reached the landing where her apartment was located, an assailant grabbed her from behind and held a knife to her throat. He demanded entry into her apartment. She fought off the assailant who fled into a downstairs apartment. The assailant in both instances was dressed differently.

I am of the opinion that the prejudicial effect of such evidence far outweighs its probative value, and accordingly, I grant the motion in limine to exclude such evidence from the first abduction trial.